## PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | **Middle District of Florida,  Tampa Division** |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| Johnny Patterson | 87-CF-016087 |

| Place of confinement: | Prisoner Number: |
|---|---|
| Tomoka C.I. | 474091 |

| Petitioner (include the name under which you were convicted) | vs. | Respondent (authorized person having custody of Petitioner) |
|---|---|---|
| Johnny Patterson | | Warden, Tomoka C.I. 3950 Tiger Bay Road Tiger Bay Road Daytona Beach, Fl. 32124 |

| The Attorney General of the State of Florida: |
|---|
| Ashley Moody            *8:22-cv-623-TPB-AAS* |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: The 13th Hillsborough County Clerk of Court, P.O. Box 1110 Tampa, Fla. 33601-1110.

   (b) Criminal docket or case number (if you know): 87-CF-016087.

2. (a) Date of the judgment of conviction (if you know): 5/1988.

   (b) Date of sentencing: 6/10/1988.

3. Length of sentence: Life and 5 ½.

4. In this case, were you convicted of more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: First Degree Muder and Armed Robby.

6. (a) What was your plea? (Check one)

   (1) Not Guilty ☒          (3) Nolo Contender (no contest) ☐

   (2) Guilty ☐              (4) Insanity Plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A.

   (c) If you went to trial, what kind of trial did you have? (Check one)

   Jury ☒              Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?

   Yes ☐          No ☒

8. Did you appeal from the judgment of conviction?

   Yes ☒          No ☐

9.  If you did appeal, answer the following:

    (a) Name of court: <u>The District Court of Appeal/Second District</u>.

    (b) Docket or case number (if you know): <u>2d DCA Case # 2D88-1740</u>.

    (c) Result: <u>Per Curiam Affirmance on 10/12/1990</u>.

    (d) Date or result (if you know): <u>See *Patterson v. State,* 569 So. 2d 450 (Fla. 2d DCA</u>.

    (e) Citation to the case (if you know): <u>     </u>.

    (f) Grounds raised: <u>(Grounds Unknown)</u>.

    (g) Did you seek further review by a higher state court?  Yes ☐     No ☒

      If yes, answer the following:

      (1) Name of court: <u>N/A.</u>.

      (2) Docket or case number (if you know): <u>N/A.</u>.

      (3) Result: <u>N/A.</u>.

      (4) Date of result (if you know): <u>N/A.</u>.

      (5) Citation of the case (if you know): <u>N/A.</u>.

      (6) Grounds raised: <u>N/A.</u>.

    (h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐     No ☒

      If yes, answer the following:

      (1) Docket or case number (if you know): <u>N/A.</u>.

      (2) Result: <u>N/A.</u>.

      (3) Date of result (if you know): <u>N/A.</u>.

      (4) Citation of the case (if you know): <u>N/A.</u>.

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  Yes ☒     No ☐

11. (a) If your answer to Question 10 was "Yes," give the following information:

      (1) Name of court: <u>The 13th Hillsborough County</u>.

      (2) Docket or case number (if you know): <u>87-CF-016087</u>.

      (3) Date of filing (if you know): <u>9/19/2005</u>.

      (4) Nature of the proceeding: <u>Was denied in an order 2/27/2006</u>.

      (5) Grounds raised: <u>(Grounds Unknown)</u>.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        Yes ☐     No ☒

      (7) Result: <u>N/A.</u>.

      (8) Date of result (if you know): <u>N/A.</u>.

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: <u>The 13th Hillsborough County</u>.

    (2) Docket or case number (if you know): <u>87-CF-016087</u>.

    (3) Date of filing (if you know): <u>4/27/2010</u>.

    (4) Nature of the proceeding: <u>Denied 12/2/2010</u>.

    (5) Grounds raised: <u>(Grounds Unknown)</u>.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ☐       No ☒

    (7) Result: <u>N/A.</u>.

    (8) Date of result (if you know): <u>N/A.</u>.

(c) If you filed any third petition, application, or motion, give the same information:

(d) Name of court: <u>The 13th Hillsborough County</u>.

(e) Docket or case number (if you know): <u>87-CF-016087</u>.

(f) Date of filing (if you know): <u>11/20/2019</u>.

(g) Nature of the proceeding: <u>Denied 4/21/2020 affirmed 2/19/2021</u>.

(h) Grounds raised: <u>1. Ineffective assistance trail counsel. 2. Lack of personal and subject matter jurisdiction. 3. Fraud and miscarriage of justice because judge violation of public service oath and did not post bond.</u>.

(i) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ☐       No ☒

(j) Result: <u>N/A</u>.

    Date of result (if you know): <u>N/A.</u>.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition?      Yes ☐      No ☒

    (2) Second petition?    Yes ☐      No ☒

    (3) third petition?      Yes ☐      No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: <u>All petitions or motions was denied and affirmed 2d DCA</u>.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than for grounds. State the <u>facts</u> supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective Assistance of Counsel Public Service Oath, Was Never Attain by Candidate for Public Office, Judge John P. Griffin, Therefore He Has No Immunity.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): (Public Record Request) Petitioner did a public record request to, Hillsborough County Bar Assocation, has no, certify copy, "oath of admission," regarding Judge John P. Griffin's. Filed an emergency petition for writ of mandamus to the 13ᵗʰ Hillsborough Judicial Circuit, clerk of Court, compelling the Hillsborough County Bar Association to produce a certify certify, of "Oath of Admission," filed on September 29, 2021..

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitioner did exhaust his state remedies on Ground One up to the 2d DCA, which affirmed the denial of the lower 13ᵗʰ Hillsborough County Circuit Court.

(c) **Direct Appeal of Ground One:**

  (1) If you appealed form the judgment of conviction, did you raise this issue?    Yes ☐    No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: The reason is this information was not known to me at that time.

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
  Yes ☒    No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: A emergency petition for writ of habeas corpus, which was reduced by lower court to a 3.850b motion.

  Name and location of the court where the motion or petition was filed: The 13ᵗʰ for Hillsborough County Judicial Circuit.

  Docket or case number (if you know): 87-CF-016087.

  Date of court's decision: May 17, 2021.

  Result (attach a copy of the court's order or opinion, if available): Order will be attached.

  (3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☒

  (4) Did you appeal from the denial of your motion or petition?    Yes ☒    No ☐

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>2d DCA</u>.

Docket or case number (if you know): <u>2D20-2129</u>.

Date of the court's decision: <u>October 15, 2021/affirmed</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Order will be attached</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue: <u>N/A.</u>.

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Post-conviction motion 3.850(b)(1) actual</u> <u>innocence motion to vacate and set aside sentence and conviction on filed on 12/13/2018</u>.

**GROUND TWO**: _____.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>(Public</u> <u>Record Request) Petitioner did a public record request to Hillsborough County 13th Judicial</u> <u>Circuit, Clerk of court. Has no certify copy, "Oath of Office," regarding Judge John P.</u> <u>Griffin... Filed an emergency petition for writ of mandamus to the 13th Hillsborough</u> <u>County, Clerk of Court, compelling it to produce a certify copy, "Oath of Office," filed on</u> <u>September 29, 2021</u>.

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>Petitioner did exhaust his State</u> <u>remedies on ground two up to the 2d DCA, which affirmed the denial of the lower 13th</u> <u>Hillsborough County Circuit Court</u>.

(c) **Direct Appeal of Ground Two**:

(1) If you appealed form the judgment of conviction, did you raise this issue?    Yes ☐    No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>This information was not known to</u> <u>me at that time</u>.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒       No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Emergency Petition for Writ of Habeas Corpus</u>.

Name and location of the court where the motion or petition was filed: <u>The Hillsborough County 13th</u> <u>Judicial Circuit</u>.

Docket or case number (if you know): <u>87-CF-016087</u>.

Date of court's decision: <u>May 17, 2021</u>.

Result (attach a copy of the court's order or opinion, if available): <u>Order will be attached</u>.

(3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☒

(4) Did you appeal from the denial of your motion or petition?    Yes ☒    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>2d DCA</u>.

Docket or case number (if you know): <u>2D20-2129</u>.

Date of the court's decision: <u>October 15, 2021</u>.

Result (attach a copy of the court's opinion, if available): <u>Order will be attached</u>.

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue: <u>N/A.</u>.

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>Post-conviction motion 3.850(b) actual innocence motion to vacate and set aside sentence and conviction, filed on 12/13/2018 and denied 1/22/2019</u>.

**GROUND THREE**: <u>Ineffective Assistance of Counsel Public Service Oath, Was Never Attain By Candidate Judge John P. Griffin… Therefore he has no immunity</u>.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>(Public Record Request) Petitioner did a public record, request to, the Florida Department of State, Division of Election, Tallahassee, Florida. Documents says, They do not have, the "Oath of Office," nor bond regarding Judge John P. Griffin…</u>.

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>Petitioner did exhaust his state remedies on ground Three up to 2d DCA, which affirmed the denial of the lower court 13th Judicial Circuit for Hillsborough County</u>.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed form the judgment of conviction, did you raise this issue?    Yes ☐    No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>The reason is this information was not known to me at that time</u>.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Emergency petition for writ of habeas corpus, which was reduced to a post conviction 3.850 motion by the court</u>.

Name and location of the court where the motion or petition was filed: <u>The 13th Judicial Circuit for Hillsborough County</u>.

Docket or case number (if you know): <u>87-CF-016087</u>.

Date of court's decision: <u>May 17, 2021</u>.

Result (attach a copy of the court's order or opinion, if available): <u>Order will be attached</u>.

(3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☒

(4) Did you appeal from the denial of your motion or petition?    Yes ☒    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>District Court of Appeal of Florida, Second District</u>.

Docket or case number (if you know): <u>2D20-2129</u>.

Date of the court's decision: <u>October 15, 2021-Affirmed</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Order will be attached</u>.

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue: <u>N/A.</u>.

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: <u>Post-conviction motion 3.850(b)(1) actual innocence and conviction filed on 12/13/2018 and on 1/22/2019 denied</u>.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐    No ☒

If your answer is "No," state which grounds have not been presented and give your reason(s) for not presenting them: <u>All (3) three has been to the trial court, 13th Judicial Circuit for Hillsborough County and to the 2d DCA, but was not presented to the Florida Supreme Court and to any federal courts</u>.

(b) Is there any ground in this petition that has not been presented in some state or federal court?

Yes ☒    No ☐

If "Yes," state which ground or grounds have not been presented and your reasons for not presenting them: <u>The 2d DCA has affirmed the denial of the 13th Judicial Circuit for Hillsborough County, on all (3) three grounds</u>.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☒   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. <u>This has been done so many years ago, and was done by a law library clerk that worked at that prison. All Petitioner recall's is that it was a petition of habeas corpus, filed somewhere in the Middle District Courts. The Petition was denied by the federal court. That's it, that's all I recalled.</u>

15. Do you have any petition or appeal <u>now pending</u> (filed and not yet decided on) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. <u>N/A.</u>

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>Unknown.</u>

(b) At arraignment and plea: <u>Unknown.</u>

(c) At trial: <u>Norman S. Cannella.</u>

(d) At sentencing: <u>Norman S. Cannella.</u>

(e) On appeal: <u>Unknown.</u>

(f) In any post-conviction proceeding: <u>*Pro se*.</u>

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>*Pro se*.</u>

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?   Yes ☒   No ☐

(a) If "Yes," give the name and location of the court that imposed the other sentence you will serve in the future. <u>The 13th Judicial Circuit for Hillsborough under same case number 87-CF-016087.</u>

(b) Give the date the sentence was imposed: <u>June 10, 1988.</u>

(c) Give the length of the other sentence: <u>5 ½.</u>

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☒   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2254(d) does not bar your petition.* <u>"Actual Innocence" Petition under 28 U.S.C. § 2254 the present petition before the Court requests authorization to file a second habeas corpus petition in accordance with the requirements of 28 U.S.C. § 2244(b)(3)(A); before a second or successive application permitted</u>

by this section is filed in the district court, the applicant shall move in the appropriate court for an order authorizing the district court to consider the application.  In turn, the court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.  28 U.S.C. § 2254(b)(3)(c).  Petitioner assures this Court that these (3) three claims has never been presented in a prior habeas corpus application.  An actual innocence claim, requires Petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical presented at trial.  The (3) three constitutional violations that is raised in this petition and the showing of documentation that warrants a fuller exploration in the district court.  "The law of success is service, and is built on integrity and justice for all."

*     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  the limitation shall sun from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief:  Grant Petitioner immediately release from Florida Department of Corrections Custody (FDOC).  Integrity and Justice. or any other relief to which Petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _3/11/22_ (date).

Executed (signed) on: _3/11/ 22_ (date).

Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition: _____.

**IF MAILED BY PRISONER:**
I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was

(check one): [ ] delivered to prison officials for mailing or [ ] deposited in the prison's internal mail on: this ✓

___11__ day of _____MARCH_____, 20 _22_

**TO BE DELIVERED TO:**
**Court Copies**                                              **Sent**          **Copies Sent**

**Bryan Simpson United States Courthouse**      [ ]          _____
300 North Hogan Street, Suite 9-150
Jacksonville, Florida 32202

**Golden-Collum Memorial Federal Building**      [ ]          _____
**& United States Courthouse**
207 N.W. Second Street
Ocala, Florida 34475

**United States Courthouse**                     [ ]          _____
401 West Central Blvd., Suite 1200
Orlando, Florida 32801-0120

**Sam M. Gibbons United States Courthouse**      [✓]          ____2____
801 North Florida Ave.
Tampa, Florida 33602

**U S Courthouse & Federal Building**            [ ]          _____
2110 First Street
Ft. Myers, Florida 33901

**Defendants Copies**                            **Sent**          **Copies Sent**
RON DESANTIS, GOV. OF FL.                        [ ]          _____
RICKY DIXON, SEC. FL.
DEPT OF Corrections

DAIQUIEI DUNCAN,                                 [ ]          _____
WARDEN, TOMOKA C.I.

_____
(Signature of all Plaintiffs)

11